UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| SAMUEL McKINNEY, | § |
| | § |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| GENERAL MOTORS LLC, a foreign | §    CIVIL ACTION NO. 2:18-00569 |
| Limited Liability Company, and | § |
| RANDAL SIGMAN d/b/a FREEDOM | § |
| USED CARS, | § |
| | § |
| Defendant(s). | § |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. §§ 1441 and 1452, Bankruptcy Rule 9027, and based on the following facts:

### BACKGROUND

1. On March 16, 2018, Plaintiff served New GM via the West Virginia Secretary of State with a Complaint in an action styled *Samuel McKinney v. General Motors, LLC, a foreign Limited Liability Company, and Randal Sigman d/b/a Freedom Used Cars*, Civil Action No. 18-C-235, filed March 9, 2018, in the Circuit Court of Kanawha County, West Virginia (the "Action").[1]

---

[1] Plaintiff subsequently served New GM's agent for service of process, Corporation Service Company, with a copy of the Complaint on March 21, 2018.

1

4817-1131-4018.v1

2.      This Action arises out of a single-vehicle accident that allegedly occurred on August 8, 2016, when Plaintiff was operating a 2002 Chevrolet Monte Carlo (VIN 2G1WX15K429348651) and was involved in a collision with a median during which the airbags did not deploy ("subject accident"). Compl. ¶¶ 4–7. Plaintiff contends that the 2002 Chevrolet Monte Carlo had an inadvertent key rotation defect that rendered it unreasonably dangerous and caused the subject accident and his injuries. *Id.* ¶¶ 12–13, 15, 22, 28.

3.      Plaintiff seeks recovery of compensatory and punitive damages from New GM under theories of fraud, false pretenses, fraudulent concealment, and breach of implied warranties. *Id.* ¶¶ 16–40, Prayer for Relief.

4.      On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5.      This Action is one of more than 450 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches or inadvertent key rotations, including the Chevrolet Monte

Carlo. The Ignition Switch Actions have been brought in at least 39 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, and Texas. *See generally* MDL No. 2543, *e.g.,* ECF Nos. 3076, 1949, 291, attached as Exhibit B: *Bean, et al. v. General Motors LLC*, 16-cv-5140 (S.D.N.Y.) (asserting personal injury damages involving a 2003 Chevrolet Monte Carlo); *Bowen, et al. v. General Motors LLC*, 15-cv-9873 (S.D.N.Y.) (asserting wrongful death damages involving a 2003 Chevrolet Monte Carlo, among others); *Bender, et al. v. General Motors LLC*, 14-cv-4768 (S.D.N.Y.) (asserting violation of consumer protection act statutes and other claims related to a 2006 Chevrolet Monte Carlo, among other vehicles).

6.  As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

7.  This Action is properly removable because it is a civil proceeding that (i) arises in a case under 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); and/or (ii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

8. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").

9. On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred certain of Old GM's assets and also assumed certain limited, specifically identified liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

10. The terms of the Sale Order and Injunction, and the Sale Agreement that it approved, limits New GM's liabilities relating to vehicles and parts sold by Old GM. *See id.* ¶¶ 44–45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[2]

---

[2] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), and the United States Second Circuit Court of Appeals. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016) ("Second Circuit Opinion"); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. There are ongoing proceedings in the New York Bankruptcy Court and the New York District Court related to a series of issues arising from the Second Circuit Opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles*

11. The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to interpret and enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

12. Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core, arising in jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this Action, which involves the resolution of disputes concerning the interpretation and enforcement of the Sale Agreement, the Sale Order and Injunction, and the Bankruptcy Code necessarily invokes the jurisdiction of the New York Bankruptcy Court. *See Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 (4th Cir. 2003) ("It is well-settled that a federal court may exercise ancillary jurisdiction to enforce its judgments"); *Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 236 (4th Cir. 2007) ("As a general rule, courts have jurisdiction

---

*Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802); *In re Motors Liquidation Co.*, 571 B.R. 565 (Bankr. S.D.N.Y 2017) ("July 2017 Judgment"). The New York Bankruptcy Court's July 2017 Judgment, including issues decided in the December 2015 Judgment, is currently on appeal to the U.S. District Court for the Southern District of New York. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction.

4817-1131-4018.v1

to enforce their own judgments"); *In re Wellington Apartment, LLC*, 353 B.R. 465, 472 (Bankr. E.D. Va. 2006) (interpreting Fourth Circuit precedent and holding, "Bankruptcy Courts, as units of the District Courts . . . are also entitled to enforce their own judgments") (internal citations omitted); *see also Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012) ("a bankruptcy court necessarily has power to enforce its own orders regarding its administration of the estate").

13.   Plaintiff's claims in this Action relate to a vehicle manufactured by Old GM, seek to hold New GM liable for Old GM conduct, and assert a claim for punitive damages based in whole or in part on the conduct of Old GM. *See* Compl. ¶¶ 13, 15, 36, Prayer for Relief. New GM, however, did ***not*** assume claims for punitive damages based on the conduct of Old GM. *See* Sale Agreement § 2.3(b)(ix); December 2015 Judgment ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); *In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("…Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on the conduct of Old GM.").

14.   In addition, the Complaint contains allegations that require interpretation and application of the New York Bankruptcy Court's rulings because, among other things, the Complaint alleges that New GM manufactured or designed the Old GM vehicle, or performed other actions relating to the Old GM vehicle before the closing of the 363 Sale, which were performed by Old GM and not New GM. *See* December 2015 Judgment ¶ 18.

6

4817-1131-4018.v1

15. The Complaint also contains a "Fraud, False Pretenses, Fraudulent Concealment as to GM" claim, which is based, at least in part, on Old GM conduct. Such claim also requires interpretation of the Sale Order and Injunction and the New York Bankruptcy Court's December 2015 Judgment, which provides that "[c]laims with respect to Old GM Vehicles that are based on fraud (including, but not limited to, actual fraud, constructive fraud, fraudulent concealment, fraudulent misrepresentation, or negligent misrepresentation) or consumer protection statutes are not included within the definition of Product Liabilities, and therefore do not constitute Assumed Liabilities . . . ." *See id.* ¶ 19.

16. The New York Bankruptcy Court has exercised "gatekeeping" jurisdiction with respect to plaintiffs who, among other things, (i) are not asserting claims arising from Subject Vehicles with the Ignition Switch Defect (both as defined by federal cases), (ii) are seeking punitive damages against New GM in violation of the Sale Order and Injunction, and (iii) are asserting substantive claims not solely based on the conduct of New GM. In fact, the New York Bankruptcy Court has stated that it is the "gatekeeper" that will decide what allegations, claims and requests for damages get through the bankruptcy "gate." *In re Motors Liquidation Co.*, 586 B.R. 217, 222 (Bankr. S.D.N.Y. 2017) ("'The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order' and this Court's prior decisions." (quoting *In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015))).

17. The Complaint in this matter necessarily requires judicial construction and/or interpretation of the Sale Agreement, the Sale Order and Injunction, and federal court rulings.

18. This case is fundamentally different than the *Synott v. General Motors LLC*, 14-md-2543 (JMF) case. In Judge Furman's *Opinion and Order*, dated November 9, 2017 [MDL

7

ECF No. 4797], the court found that the lawsuit would be remanded because (i) the Second Circuit Opinion allowed the *Synott* plaintiff's lawsuit (involving a Cobalt-Ion vehicle) to proceed against New GM "despite the 'free and clear' provisions in the Sale Order" (*id.* at 6), and (ii) the New York Bankruptcy Court had settled the question whether plaintiffs could pursue punitive damages against New GM based on Old GM conduct (the plaintiff in *Synott* sought punitive damages in violation of settled precedent, but represented that she would amend her Complaint to strike her punitive damages request upon remand) (*id.* at 6-7).[3]

19. In contrast, Plaintiff's lawsuit here is not governed by the Second Circuit Opinion because the 2002 Chevrolet Monte Carlo involved in this case was not subject to the Ignition Switch recalls that were at issue in the Second Circuit Opinion, and Plaintiff has not demonstrated a due process violation with respect to the 363 Sale, and therefore remains fully bound by the Sale Order and Injunction and Sale Agreement. In addition, Plaintiff is seeking punitive damages against New GM based on Old GM conduct, and has not agreed to strike such request from his Complaint. Further, the Complaint contains allegations that require interpretation of the Sale Order and Injunction, the Sale Agreement, and other New York Bankruptcy Court rulings. Thus, the *Synott* ruling does not apply here. Accordingly, the Action implicates the New York Bankruptcy Court's core, arising in, related to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

---

[3] The New York Bankruptcy Court's punitive damages ruling is currently the subject of two appeals pending in the United States District Court for the Southern District of New York. *See* Case Nos. 1:17-cv-06088-JMF (S.D.N.Y.), 1:17-cv-08294-JMF (S.D.N.Y.).

## REMOVAL IS TIMELY

20. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint.[4] 28 U.S.C. §1446(b). Plaintiff filed suit on March 9, 2018 and then served New GM with a Summons and Complaint via the West Virginia Secretary of State on March 16, 2018. *See* Exhibit D.

## VENUE

21. The United States District Court for the Southern District of West Virginia, Charleston Division, is the United States District Court embracing the Circuit Court of Kanawha County, West Virginia, where this action was filed and is pending. *See* 28 U.S.C. § 94(b)(1). Therefore, venue of this removed action is proper in this Court.

## CONSENT

22. "Only defendants against whom a claim [arising under the Constitution, laws, or treaties of the United States] has been asserted are required to join in or consent to" removal pursuant to federal question jurisdiction. 28 U.S.C. § 1441(c)(2). The consent of defendant Randal Sigman d/b/a Freedom Used Cars is not necessary, as there are no claims against it that invoke federal question jurisdiction.

---

[4] The thirty day period expired on Sunday, April 15. Accordingly, the filing deadline is moved back one day to Monday, April 16. *See* FED. R. CIV. P. 6(a)(1)(C) ("Computing and Extending Time; Time for Motion Papers. . . (a)(1) *Period Stated in Days or Longer Unit*. When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

4817-1131-4018.v1

## NOTICE TO THE STATE COURT

23.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court of Kanawha County, West Virginia.

## STATE COURT FILINGS

24.     New GM files herewith as <u>Exhibit D</u> copies of all process served upon it in this Action as part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Action in the Circuit Court of Kanawha County, West Virginia, be removed to this Court, and that no further proceedings be had in the West Virginia state court.

Respectfully submitted this 13th day of April, 2018.

**GENERAL MOTORS, LCC**

**By Counsel**

/s/ *George E. Chamberlain, IV*
Thomas J. Hurney, Jr. (WVSB1833)
thurney@jacksonkelly.com
George E. Chamberlain, IV (WVSB #12170)
george.chamberlain@jacksonkelly.com
JACKSON KELLY PLLC
1600 Laidley Tower
500 Lee Street, E.
Charleston, WV  25301
Tel:  (304) 340-1000
Fax:  (304) 340-1050

4817-1131-4018.v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SAMUEL McKINNEY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| GENERAL MOTORS LLC, a foreign | § | CIVIL ACTION NO. __2:18-569__ |
| Limited Liability Company, and | § | |
| RANDAL SIGMAN d/b/a FREEDOM | § | |
| USED CARS, | § | |
| | § | |
| Defendant(s). | § | |

## CERTIFICATE OF SERVICE

I, George E. Chamberlain, IV, hereby certify that I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system this 13th day of April, 2018, which will send notification of such filing to the following CM/ECF participants:

Brian R. Blickenstaff, Esq.
TURNER & JOHNS, PLLC
216 Brooks Street, Suite 200
Charleston, WV 25301
bblickenstaff@turnerjohns.com
*Counsel for Plaintiff*


/s/ *George S. Chamberlain, IV*
George S. Chamberlain, IV (WVSB #12170)